**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7231**

GEORGE A. COUSINS,

        Petitioner - Appellant,

    v.

WARDEN KENDALL,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:19-cv-03021-TMC)

Submitted: November 30, 2021               Decided: March 17, 2022

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

George A. Cousins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Cousins seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on Cousins' 28 U.S.C. § 2254 petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Cousins has not made the requisite showing.* Accordingly, we deny Cousins' motions for a certificate of appealability, to appoint counsel, and to vacate his sentence, and we dismiss the appeal.

---

\* The magistrate judge applied the clear and convincing standard to Cousins' actual innocence claim; however, the Supreme Court has rejected the argument that Congress "replaced the standard for actual-innocence gateway claims prescribed in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence), with a clear and convincing evidence requirement." *McQuiggin v. Perkins*, 569 U.S. 383, 396 n.1 (2013) (internal quotation marks omitted). Any potential error in the district court's application of the appropriate standard is harmless because Cousins' actual innocence gateway claim does not meet the lower preponderance of the evidence standard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*